**In the Interest of A.V.E., A Child, Appellant.**

No. 83–1585.

Supreme Court of Iowa.

Oct. 17, 1984.

Steven W. Hendricks of Kersten, Opheim, Carlson & Trevino, Fort Dodge, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Charles K. Phillips, Asst. Atty. Gen., for appellee.

Considered by UHLENHOPP, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

LARSON, Justice.

This juvenile appeals an adjudication of delinquency, Iowa Code section 232.2(11) (1983), based on an alleged false use of a financial instrument under Iowa Code section 715.2, arguing that a handwriting exemplar was obtained from her in violation of Iowa Code chapter 810 and erroneously admitted in evidence. We affirm.

During the course of an investigation by the Fort Dodge Police Department, this

juvenile became a suspect in connection with the false use of a check. Several applications for handwriting samples were filed by the county attorney and presented to the juvenile court judge. Each application alleged, without supporting affidavits, that probable cause existed to believe the juvenile had committed the act in question. Orders granting the first two applications were not acted upon; a third order resulted in obtaining the samples involved here.

At the time these applications were made, there was no statute expressly providing for the taking of handwriting exemplars in juvenile cases. Iowa Code section 232.148(7) (1981), which had been relied upon by the State in its application for the samples, provided for taking photographs but did not provide for taking handwriting exemplars. Moreover, that section was deleted in the 1983 Code which was in effect at the time of this occurrence.

On appeal, the juvenile argues that the taking of the handwriting exemplar violated Iowa Code chapter 810, which establishes procedures for obtaining nontestimonial identification of various types, including handwriting samples. The State does not contend that the procedures of chapter 810 were followed; it merely contends that those procedures are inapplicable in juvenile cases.

The juvenile counters that, even though chapter 810 does not expressly apply to juvenile cases, it establishes a "rule of evidence" requiring exclusion of the writing samples under Iowa Code section 232.47(5) ("Only evidence which is admissible under the rules of evidence applicable to the trial of criminal cases shall be admitted at the [delinquency] hearing except as otherwise provided by this section.").

■ The child's objection at the delinquency hearing, however, challenged the writing samples only under Iowa Code sections 232.47(6) and (7), which deal with statements made by the child, and under "the fourth, fifth, and fourteenth amendments to the U.S. Constitution and Iowa Constitution." The State's failure to comply with the provisions of chapter 810 was

not raised. In fact, defense counsel disavowed application of any statutory provision, stating in his objection to the introduction of the writing samples that "there is no Iowa statute that authorizes taking the handwriting sample." At no time was chapter 810 even mentioned. We therefore will not consider this argument on appeal.

■ The juvenile does not continue to rely on sections 237.47(6) and (7) on appeal, nor does she expressly raise any constitutional issues. She obliquely raised a constitutional argument in her brief by characterizing chapter 810 as being "analogous to the fourth amendment protection from illegal searches and seizures" and urged that point in oral argument. It is clear, however, that the obtaining of handwriting exemplars is not a search implicating the fourth amendment. *See United States v. Euge,* 444 U.S. 707, 718, 100 S.Ct. 874, 881, 63 L.Ed.2d 141, 151 (1979); *United States v. Mara,* 410 U.S. 19, 21, 93 S.Ct. 774, 776, 35 L.Ed.2d 99, 102–03 (1973).

We find no basis for reversal of the juvenile court adjudication.

AFFIRMED.